IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| v. : | Case No. 1:14-CR-0176 |
| **JOSE ALBERTORIO-GARCIA** : | |
| : | Judge Sylvia H. Rambo |

**O P I N I O N**

Before the court is Defendant Jose Albertorio-Garcia's ("Defendant") motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, or, in the alternative, for a new trial pursuant to Federal Rule of Criminal Procedure 33.  (Doc. 74.)  For the reasons that follow, the motion will be denied.

**I.      Background**

On July 16, 2014, a six-count indictment was returned against Defendant in the Middle District of Pennsylvania.  (Doc. 1.)  Count I charged Defendant with distribution and possession with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1)(iv), while Counts II-V charged distribution and possession with intent to distribute a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1)(i), and Count VI charged possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

Defendant pleaded not guilty to all counts on July 22, 2014, and went to trial on November 2, 2015.  After the government's presentation of its case, but before the case was sent to the jury, Defendant orally moved for judgment of acquittal on Counts I & VI pursuant to Federal Rule of Criminal Procedure 29(c), and his oral motion was denied.  On November 4, 2015, a jury returned a verdict of guilty on Counts II-VI, but was unable to reach a unanimous verdict on Count I.  On

November 18, 2015, Defendant filed the instant motion, which has been fully briefed and is ripe for disposition.

**II.        Legal Standard**

Rule 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Third Circuit has stated that the relevant inquiry in deciding a motion for judgment of acquittal is "'whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. McIntyre*, 612 F. App'x 77, 78 (3d Cir. 2015) (quoting *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424-25 (3d Cir. 2013) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979))).

Rule 33 permits the grant of a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court "can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it 'believes that there is a serious danger that a miscarriage of justice has occurred–that is, that an innocent persona has been convicted.'" *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)). Under Rule 33, the court does not view the evidence in the light most favorable to the government. Rather, the court must exercise its own judgment in assessing the government's case. *United States v. Silveus*, 542 F.3d 993, 1004 (3d Cir. 2008).

**III.      Discussion**

Defendant argues that the evidence presented at his trial was insufficient as to Count VI to establish that he possessed the firearm *in furtherance* of drug trafficking.  (*See* Doc. 74 (emphasis supplied).)  Defendant claims that the only evidence connecting him to a gun was the following: 1) The testimony of Trooper Randazzo that during the March 13, 2014 controlled drug transaction he saw a gun in a holster on Defendant's waist, which testimony was not included in Trooper Randazzo's report; and 2) A gun found in a bedroom closet on the second floor of the residence at 3306 Rorer Street, Philadelphia, Pennsylvania, along with a digital scale found in the same bedroom.  (Doc. 74-1, p. 4.)

With regard to this evidence, Defendant contends that Trooper Randazzo's testimony should be ignored because he did not include his observation of the gun in his report, and that the gun was not found near enough to either drugs or cash to be considered as furthering drug trafficking.  Defendant cites to *United States v. Sparrow*, 371 F.3d 851 (3d Cir. 2004), for the proposition that, "[u]nder § 924(c), the 'mere presence' of a gun is not enough." *Id*. at 853 (citing *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000)); *see also United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001).

The government responds with the following: 1) an eyewitness, Trooper Randazzo, saw Defendant with a gun during a drug deal; 2) the firearm was found in the home in which Defendant lived with his wife and no other adults; 3) Defendant was seen during the controlled drug transactions going in and out of the house where the firearm was found; 4) the firearm was found in a closet in the bedroom that Defendant and his wife share; 5) according to two witnesses, the

firearm was on the floor of the closet, easily accessible to anyone who knew it was there; 6) a large quantity of heroin and cash was seized just downstairs in the common area living room; 7) the firearm was loaded when it was found; and 8) there were multiple photographs of Defendant in possession of firearms, including the firearm in question. (*See* Doc. 78, pp. 9-10.)

In *Sparrow*, the Third Circuit held that "while location of a firearm is admittedly relevant, immediate accessibility at the time of the search or arrest is not a legal requirement for a § 924(c) conviction." *Sparrow*, 371 F.3d at 853. The *Sparrow* Court set forth relevant factors to consider when determining whether the possession of a firearm advances or helps forward a drug trafficking crime, which include:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id*. (citing *Ceballos-Torres*, 218 F.3d at 414-15). The court will address the government's evidence against these factors.

The type of drug activity is not in question, as the government established through four controlled purchases which occurred on March 12, 13, 17, and 18, 2014, using undercover officers, that Defendant was distributing heroin. As to the second factor, the firearm was located on the floor of a bedroom closet located on the second floor of Defendant's residence, out of which the four controlled drug purchases took place, and was visible. The type of weapon was a .38 caliber semi-automatic handgun, one that would ordinarily be used in drug trafficking. While the firearm was legally purchased by Defendant's wife, and not stolen, Defendant

stipulated during trial that he is not legally entitled to possess a firearm. Photographs extracted from seized electronic devices owned by Defendant and his wife show Defendant holding a gun with a scratch on the barrel similar to that on the seized weapon. As to the next factor, the firearm was found fully loaded, and further ammunition for the gun was found in a dresser located in the same bedroom as the firearm. Regarding the gun's proximity to drugs or drug profits, as noted above, the firearm was found in a second-floor bedroom closet, while a large amount of heroin and cash were found just downstairs in the common living area. Additionally, a digital scale with an unidentified white powder was found in the same bedroom as the gun. Finally, the gun was found on March 18, 2014, immediately following the fourth controlled drug transaction and Defendant's arrest. During his arrest, Defendant was found in possession of $2,922 and two cell phones. A search of his Rorer Street residence produced 140 bags of heroin and $1,125 in cash, some of which consisted of police buy money, along with the firearm and digital scale.

The jury was instructed on the above factors as well as on constructive possession.

## IV.     Conclusion

Based on the foregoing, the jury appropriately found evidence beyond a reasonable doubt that Defendant was involved in drug trafficking. Factors that the jury could have considered to find that Defendant's possession of the firearm was in furtherance of his drug trafficking crimes are: photographs of Defendant holding what appeared to be the firearm in question; the gun was found in Defendant's

residence, out of which he operated his drug business; the gun was easily accessible and loaded; the gun was found in the same room as additional ammunition and a digital scale containing a white powder, and just up a flight of stairs from a large quantity of drugs and cash; Defendant was not legally entitled to possess a firearm; and the gun was found immediately following a controlled drug transaction that took place outside Defendant's residence.

The above evidence is sufficient for a rational trier of fact to find that Defendant is guilty of possessing a firearm in furtherance of drug trafficking. Accordingly, the court does not believe there is a danger – let alone a serious one – that a miscarriage of justice has occurred or that an innocent person has been convicted. Therefore, Defendant's motion will be denied.

An appropriate order will issue.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: December 22, 2015.