IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:14-cr-176** |
| | : | |
| v. | : | |
| | : | |
| **JOSE ALBERTORIO-GARCIA** | : | **Judge Sylvia H. Rambo** |

# **M E M O R A N D U M**

Before the court is a motion filed by Jose Albertorio-Garcia pursuant to 28 U.S.C. § 2255 in which he alleges that his counsel was ineffective for failing to: (1) adequately argue that the armed career criminal designation is inapplicable to him; (2) object to the government's use of prior hearsay testimony; and (3) file a petition for a writ of certiori. The government has filed a response to the first two claims.

**I.** **Legal Standard**

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). Both prongs must be established. *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989)).

## II. **Discussion**

### a. Armed Career Criminal Designation

Albertorio-Garcia argues that his prior drug trafficking convictions for violations of 35 Pa. Stat. Ann. § 780-113(a)(30) do not qualify as predicate offenses for career offender purposes. The government in its response points out that several cases within both the Middle District and the Third Circuit have held that a violation of 35 Pa. Stat. Ann. § 780-113(a)(30) qualifies as a predicate offense for sentencing enhancement purposes. (*See* Doc. 121, pp. 10-12.) Thus, Albertorio-Garcia's argument on this issue is without foundation. Counsel cannot be held incompetent for failing to argue an issue that is opposed by case law.

### b. Prior Hearsay Testimony

Albertorio-Garcia also avers that the investigation of his drug activities rested upon information from an informant who did not testify at trial. However, there was only one instance at trial where hearsay evidence was presented and defense counsel promptly objected. The court sustained the objection. In addition, as the government notes, "[e]ach of the controlled buys charged in the Indictment . . . involved not only the informant but an undercover officer as well. Those undercover officers who witnessed and were involved in the actual drug transactions, along with the informant, testified before the jury." (Doc. 121, p. 19

(citing to Appellate Appendix at 37; 41-46; 49-53; 65-97.) Accordingly, counsel was not ineffective on this issue.

### c. Writ of Certiori

Review of the Supreme Court is discretionary and there is no constitutional right to counsel pursuing discretionary review. *Wainwright v. Torna*, 455 U.S. 586, 587 (1982); *Ross v. Moffitt*, 417 U.S. 600 (1974). Criminal defendants may not claim ineffective assistance in proceedings for which representation is not constitutionally guaranteed. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). Thus, counsel is not ineffective for failing to file a petition for writ of certiori.

## III. Conclusion

Based on the foregoing, the petition filed pursuant to 28 U.S.C. §2255 will be denied.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: June 12, 2018