IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:14-CR-176 |
| | : | |
| v. | : | |
| | : | |
| **JOSE JAUN ALBERTORIO-GARCIA** | : | |
| | : | Judge Sylvia H. Rambo |

## MEMORANDUM AND ORDER

In 2016, this court sentenced Jose Juan Albertorio-Garcia to a term of imprisonment of 300 months in connection with his convictions for distribution and possession with the intent to distribute heroin. Mr. Albertorio-Garcia subsequently appealed his convictions and sentence, and the Third Circuit affirmed. He also subsequently filed a post-conviction motion for ineffective assistance of counsel pursuant to 28 U.S.C. § 2255, which was denied. Now before the court is Mr. Albertorio-Garcia's motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to re-open the habeas proceedings (Doc. 133), and the reasons set forth below, the motion will be denied.

Rule 60(b) of the Federal Rules of Civil Procedure permits a party to seek relief from final judgment and request that his case be re-opened under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. *Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005). The Rule also provides, as

1

relevant here, that a party may seek re-opening for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

A motion for relief under 60(b) may be considered in federal habeas proceedings provided it is not inconsistent with applicable federal statutes and rules, including the Effective Death Penalty Act of 1996's requirement that a second or successive motion for relief under Section 2255 must be certified by the Court of Appeals as containing certain newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). Absent the proper certification, district courts lack jurisdiction to decide second or successive Section 2255 motions, no matter what they are titled. *See id.* § 2244; *Gonzalez*, 545 U.S. at 528. Therefore, prior to reaching the merits of a 60(b) habeas motion, the district court must determine whether the filing is actually a Section 2255 petition in disguise, by asking whether the motion "attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction," in which case the motion may be adjudicated on the merits, or whether it "seeks to collaterally attack the petitioner's underlying conviction," in which case the motion must be treated as a successive habeas petition. *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

Mr. Albertorio-Garcia's motion advances two arguments. First, Mr. Albertorio-Garcia challenges this court's June 12, 2018 decision denying his previous motion under 28 U.S.C. § 2255, which rejected Mr. Albertorio-Garcia's

argument that violations of 35 Pa. Stat. Ann. § 780-113(a)(30) do not qualify as predicate offenses for purposes of the career offender designation under the federal sentencing guidelines. (Doc. 124, p. 2.) Mr. Albertorio-Garcia takes specific issue with the decision's reference to an "armed" career criminal designation. He argues that the reference implies that the court mistakenly believed that he received a sentence enhancement under the Armed Career Criminal Act ("ACCA"), when in fact he received an enhancement pursuant to the federal sentencing guidelines for career criminal offenders. Therefore, Mr. Albertorio-Garcia contends, he is entitled to have those proceedings re-opened because the error "calls into question the methodology used by the court to assess Petitioner's argument about his criminal history calculation and subsequent enhancement." According to Mr. Albertorio-Garcia, "[i]f the Court truly did misbelieve Petitioner had been enhanced via the ACCA, then that likely means it did not engage in the correct analysis to determine whether or not his prior convictions were appropriately used to enhance his sentence." (Doc. 133, p. 6.) Mr. Albertorio-Garcia's argument most directly attacks the manner in which an earlier habeas judgment was procured, rather than the underlying conviction itself, so the court may address it on the merits.

    Mr. Albertorio-Garcia is correct that the sentence enhancement he received was pursuant to the federal sentencing guidelines for career offenders, and not the Armed Career Criminal Act. Accordingly, the June 12, 2018 decision should have

consistently referenced the enhancement as being one for career criminals, and not "armed" career criminals. The court made a typo.

That oversight, however, had no impact on the court's substantive analysis and decision. The body of the court's analysis made clear that it was addressing Mr. Albertorio-Garcia's argument that his prior drug trafficking convictions did not qualify as predicate offenses "for career offender purposes," and in rejecting that argument, the court relied on caselaw presented by the government that decided the issue in the context of the sentencing guidelines' career offender designation. Even further, the Third Circuit affirmed the decision in substance when it denied Mr. Albertorio-Garcia's subsequent request for a certificate of appealability and held that "Jurists of reason would agree, without debate, with the District Court's conclusion that all of [Mr. Albertorio-Garcia's] claims lack merit, for substantially the reasons provided in the Court's June 12, 2018 memorandum." (Doc. 128, p. 1; C.A. No. 18-2413, October 30, 2018 Order denying certificate of appealability.) The Third Circuit also found that this court did not err in failing to hold an evidentiary hearing on Mr. Albertorio-Garcia's motion because it was "clear" that he was "not entitled to the relief he seeks." (*Id.*) In sum, the substance of the court's June 12, 2018 decision was correct.

Crucially, Mr. Albertorio-Garcia does not argue that the court's reference to the "armed" career criminal designation impacted its decision in any way. He instead

claims, without any specifics, that the error "calls into question the methodology" used to decide the motion, and "likely means" that the court "did not engage in the correct analysis." Setting aside that the motion was, in fact, correctly decided, Mr. Albertorio-Garcia's non-specific concern with the court's analysis does not present "extraordinary circumstances" such that failing to re-open his case would present "an extreme and unexpected hardship." *Sawka v. Healtheast, Inc.,* 989 F.2d 138, 140 (3d Cir.1993). Relief under 60(b) is therefore inappropriate.

Mr. Albertorio-Garcia's second argument is that the court erred at sentencing by applying the career criminal enhancement to his sentence. He argues that the court should not have counted two particular state court convictions against him for purposes of the career offender designation, apparently in part because the state court that entered those convictions purportedly made an error. Ignoring the questionable merits of the argument, the court has no jurisdiction to decide the matter. Mr. Albertorio-Garcia's argument challenging the lawfulness of his career criminal designation is an attack on his conviction and sentence, rather on than any subsequent habeas proceedings, and it therefore must be made by motion under Section 2255.[1] *See In re Adderly*, 522 F. App'x 151, 153 (3d Cir. 2013) ("The

---

[1] Mr. Albertorio-Garcia motion creatively tries to tie this issue to his post-conviction habeas proceedings, but the specific issue he raises—that two convictions should not have been counted towards his career offender designation due to an error made by the state court and because they actually fall outside the look-back period under the guidelines—was never argued, and has never been addressed, in any habeas proceeding.

Petition. . . .presents the same issue he has tried unsuccessfully to pursue in his two Rule 60(b) motions, and like his Rule 60(b) motions, it seeks to advance one or more substantive claims attacking his armed career criminal sentence. It thus qualifies as second or successive section 2255 motion which cannot proceed in the district court without prior authorization from a court of appeals."); *United States v. Melendez*, No. 1:14-CR-00266, 2018 WL 691206, at *2 (M.D. Pa. Feb. 2, 2018) ("[I]t appears that Defendant is attempting to assert that his classification as a career offender was unlawful and that, therefore, his sentence should be reduced… Thus, Defendant's instant 60(b) motion is an attempt to collaterally attack his sentence and conviction, and it amounts to a second motion under § 2255. Since Defendant has not sought the Third Circuit's authorization to file such motion, we lack jurisdiction to entertain it."); *United States v. Diaz*, No. 1:06-CR-199, 2020 WL 4700698, at *2–3 (M.D. Pa. Aug. 13, 2020) ("Diaz's motion is easy to classify. Although styled under Rule 60(b), it raises, for the first time, a challenge to his sentence based on an alleged Guidelines error. Such a motion, seeking "to add a new ground for relief," is expressly included in *Gonzalez's* examples of habeas applications that advance a "claim." And because Diaz's Rule 60(b) motion is actually a second or successive Section 2255 motion, for which he has not received Third Circuit authorization to file, this court does not have jurisdiction to entertain it.") (internal citation omitted).

Mr. Albertorio-Garcia has already made one motion under 28 U.S.C. 2255, and he has not obtained the necessary certification from the Court of Appeals to file a successive motion. As such, the court lacks jurisdiction to decide Mr. Albertorio-Garcia's Rule 60 motion to the extent it argues that his career criminal offender designation was unlawful. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Mr. Albertorio-Garcia's first argument that the court erred in its June 12, 2018 decision is meritless and does not justify re-opening his case. His second argument that the court improperly counted certain prior convictions when it applied the career offender designation at sentencing may only be brought as a successive Section 2255 motion after obtaining the proper certification.

Accordingly, **IT IS HEREBY ORDERED** that Mr. Albertorio-Garcia's Rule 60 motion (Doc. 133) is **DENIED** to the extent it challenges this court's June 12, 2018 decision, and **DISMISSED** for lack of jurisdiction to the extent it challenges the career offender enhancement he received at sentencing.

Dated: March 1, 2021

>*/s/ Sylvia H. Rambo*
>Sylvia H. Rambo
>United States District Judge