# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **No. 1:14cr176** |
| | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JOSE JUAN ALBERTORIO-GARCIA,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM ORDER

On July 18, 2016, the Honorable Sylvia H. Rambo sentenced Defendant Jose Juan Albertorio-Garcia to 300 months of incarceration, i.e., 25 years in prison. (Doc. 96 at ECF p. 2). Judge Rambo also ordered five years of supervised release. Id. at ECF p. 3. The sentence was imposed after defendant was found guilty at trial of four counts of distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of drug trafficking of 18 U.S.C. § 924(c). Id. at ECF p. 1. It was Albertorio-Garcia's tenth felony drug trafficking conviction. (Doc. 105, Sentencing Tr., at 6, 15). Per the government, defendant's current projected release date is July 6, 2035. (Doc. 151 at 4).

On September 1, 2026, the Clerk of Court docketed Albertorio-Garcia's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] (Doc.

[1] All of the defendant's filings appear to be aided by generative artificial intelligence.

149). Pursuant to this statute, the court may reduce a sentence if it finds that: (1) there are "extraordinary and compelling reasons" which "warrant such a reduction;" (2) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate reducing the sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A).

With the motion for compassionate release, Albertorio-Garcia collaterally attacks his sentence several different ways. (Doc. 149 at 12–16). Albertorio-Garcia cannot use a compassionate release motion to advance those arguments; he must use 28 U.S.C. § 2255. Fernandez v. United States, 608 U.S. 411, 415 (2026). Those arguments are rejected outright.

Albertorio-Garcia's tertiary arguments concern the "heartland" reasons for compassionate release. Fernandez, 608 U.S. at 426. Defendant seeks early release to provide care for his sister, asserting that family needs are extraordinary and compelling. (Doc. 149 at 16–20). He also suspects that his institution hosts a cancer cluster due to contaminated drinking water. Id. at 21–27.

"'[W]hether any given prisoner has established an extraordinary and compelling reason for release' is a 'threshold question' that determines a prisoner's eligibility for compassionate release." United States v. Rutherford, 120

F.4th 360, 365 (3d Cir. 2024), aff'd, Rutherford v. United States, 608 U.S. 454 (2026) (quoting United States v. Stewart, 86 F.4th 532, 535 (3d Cir. 2023)). After review, Albertorio-Garcia has not crossed that threshold with the evidence presented, and the motion will be denied.

**Background**

Albertorio-Garcia is incarcerated at FCI Fort Dix. (Doc. 149 at 1-2). He avers that his sister Evelyn Albertorio suffers from Stage 4 chronic kidney disease, chronic obstructive pulmonary disease, insulin-dependent diabetes, congestive heart failure, hypertension, anxiety, and depression, which requires "complex daily medical management including insulin administration four times daily, nebulizer treatments multiple times daily, daily weight monitoring, blood glucose monitoring, and consistent supervision to prevent falls[.]" Id. at 9. Defendant argues that his release would alleviate a caregiving burden placed on the rest of his family, who are "stretched to their limits" by their own work obligations and family responsibilities. Id.

In further support, Albertorio-Garcia has supplied letters from his sister Evelyn and from his son Geovannie.[2] (Docs. 149-5, 149-6). Both indicate that defendant would be an "extra set of hands" to provide care. Id. Based on the

[2] Because defendant's family members have similar last names, the court will refer to them using their first names for the purposes of clarity without intending any disrespect.

government's opposition to the motion, Albertorio-Garcia has supplied an additional letter from his sister Evelyn and from his nephew Efrain, Evelyn's son. (Docs. 152-2 and 152-3). The defendant has also authored a letter addressed to the court. (Doc. 152-4).

Defendant's sister advises the court in the second letter that her situation has worsened and she now receives "forty hours per week of paid aide assistance." (Doc. 152-2 at ECF p. 1). In conjunction with Evelyn's letter, Efrain and the defendant have supplied the court with letters of uncanny similarity. (Docs. 152-3, 152-4).

The government opposes compassionate release, asserting that the defendant has failed to present extraordinary and compelling reasons to warrant a sentence reduction. [3] (Doc. 151). For the reasons set forth below, the court agrees.

**Analysis**

Under the law, "'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." Rutherford, 608 U.S. at 465. "'Extraordinary" means 'most unusual,' 'far from common,' and 'having little or no precedent.'" Fernandez, 608 U.S. at 423; Rutherford, 608 U.S.

[3] The government stipulated that defendant exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). (Doc. 151 at ECF p. 4 n.1).

at 465 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 807 (1976)). "'Compelling' means 'tending to convince or convert by or as if by forcefulness of evidence.'" Fernandez, 608 U.S. at 423; Rutherford, 608 U.S. at 465 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 463).

The "heartland of compassionate release" is defined by a prisoner's personal circumstances. Rutherford, 608 U.S. at 465. To that end, the United States Sentencing Commission is required by law to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Guidelines include personal circumstance considerations. The sections applicable here are as follows:

> **(b) Extraordinary and Compelling Reasons**.— Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> . . .
>
> **(3) Family Circumstances of the Defendant.**—
>
> **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available

caregiver for the spouse or registered partner.

**(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

**(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant

U.S.S.G. § 1B1.13(b)(3).

To summarize this guideline section in a manner relevant to this case, it is an extraordinary and compelling reason if the defendant is "the only available caregiver" for his sibling because that sibling is incapacitated. Id.

In this case, even if the court assumes that Evelyn Albertorio is incapacitated based on her word alone, the evidence supplied by defendant is not convincing and does not establish that he is the only available caregiver. With all sympathy to Evelyn, she indicates that 40 hours of her caregiving needs each week are supplied by paid aide assistance. (Doc. 152-2 at ECF p. 1). The

letter from her son Efrain also indicates that he visits as often as he is able to on the weekends. (Doc. 152-3 at ECF p. 1).

To the extent that Evelyn alleges that she needs round-the-clock care, she also indicates that she resides in government housing. (Doc. 152-2 at ECF p. 2). While the defendant indicates awareness of his inability to live with his sister in public housing, (Doc. 152-4 at ECF p. 1), he also indicates that he would be residing one hour away from his sister with his adult daughter. (Doc. 149 at ECF p. 33; Doc. 152 at 5). Three issues are raised by these logistics. First, Albertorio-Garcia has not established that the rules of his sister's housing authority would even permit him to visit her based on his multiple drug convictions. Second, the need for an hour-long commute to his sister's residence does not demonstrate the defendant's actual availability beyond what is already provided by the home health aide. Third, defendant's daughter apparently lives within an hour's drive and, absent evidence to the contrary, is available to aid in providing care. (See Doc. 149-5 at ECF p. 1 (defendant's son Geovannie stating, "I help when I can. My siblings help when they can. There are several of us who love Aunt Evelyn and who try to be there for her.")). Since paid and family assistance already exists in these circumstances, there are no extraordinary and compelling reasons to grant the motion. Rather, it would be

extraordinary for the court to consider releasing a ten-time felon nine years early for him to provide a redundant caregiving role.

Albertorio-Garcia also contends that the conditions at FCI Fort Dix justify his immediate release. In 2024, Judge Rambo rejected a similar claim when denying Albertorio-Garcia's first compassionate release motion, explaining that the defendant failed to distinguish his circumstances from the circumstances of every other inmate at FCI Fort Dix. (Doc. 146 at 3–4). On this occasion, Albertorio-Garcia describes other long-term inmates' medical conditions and argues that he is at a higher risk due to a known cancer cluster in his housing unit. (Doc. 149 at ECF pp. 21–29). Taking Albertorio-Garcia's narrative about other inmates' health as the truth, one important fact remains, the defendant does not assert that he has developed any medical condition due to the conditions at FCI Fort Dix. Maybes are not extraordinary or compelling.

Finally, Albertorio-Garcia has supplied additional arguments attempting to support a sentence reduction under the factors set forth at 28 U.S.C. § 3553(a). (Id. at ECF pp. 32–34). As the Supreme Court has made clear, however, "before determining the extent of a reduction based on the § 3553(a) factors, a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction . . . whether the prisoner can offer extraordinary and compelling reasons that warrant compassionate release." Rutherford, 608 U.S.

at 470 (citation modified). Albertorio-Garcia has not met this "gatekeeping requirement." Id. Thus, the court need not consider the Section 3553(a) factors in disposing of the motion.

For these reasons, Defendant Jose Juan Albertorio-Garcia's motion for compassionate release is **DENIED**.

**Date:** 10/23/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**